UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-cr-91-KKM-AEP

LUVIN DANIEL HERNANDEZ AMADOR

# UNITED STATES' SENTENCING MEMORANDUM

The United States files this sentencing memorandum requesting that this Court sentence the defendant, Luvin Daniel Hernandez Amador ("Hernandez"), to 18 months imprisonment.

## I. Background [1]

Hernandez is a native and citizen of Honduras with no lawful status in the United States. He first illegally entered the United States in August of 2018. On July 20, 2021, Hernandez falsely identified himself as N.C.N.M., an actual United States citizen, for the purpose of obtaining employment. Hernandez was not authorized to work in the United States. Hernandez submitted an I-9 (work authorization form), containing N.C.N.M.'s personal identifying information ("PII"), to a construction company named Archer Western. He also provided Archer Western with a fictitious Texas Identification card and a fictitious social security card, both containing

[1] The facts in this section are contained in the final PSR and government provided discovery materials.

N.C.N.M.'s PII. Hernandez was hired by Archer Western under the name N.C.N.M. and remained employed until June 27, 2022.

On November 19, 2025, pursuant to a written plea agreement, Hernandez pleaded guilty to one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). On January 23, 2026, the government filed a 5K1.1 motion for downward departure based on Hernandez's substantial assistance. His sentencing hearing is scheduled for February 19, 2026.

## II. <u>Argument in support of an 18-month sentence</u>

A conviction for violation of 18 U.S.C. § 1028A(a)(1) carries a mandatory 24-month sentence. The Court, on motion of the government, may reduce a defendant's sentence to reflect a defendant's substantial assistance. USSG §5K1.1 and 18 U.S.C. § 3553(e). Here, defendant provided truthful and timely information to the United States regarding a pending investigation. The United States believes that, because of his efforts on behalf of the United States, Hernandez should receive a 2-level reduction in his offense level for his assistance.

With a criminal history category of II, Hernandez has an effective offense level of 16, which would yield a guidelines range of 24 to 30 months. With a two-level downward variance, Hernandez's offense level would be 14, with a guidelines range of 18 to 24 months.

## III. <u>Section 3553(a)(1) factors</u>

Hernandez's conduct, when considering the sentencing factors set forth in 18 U.S.C. § 3553(a), calls for a guidelines sentence within this new adjusted guidelines

range. Hernandez used stolen United States Citizen information to apply for work in the United States. Hernandez was not permitted to work in the United States and the stolen name, date of birth, and social security number belonged to victim N.C.N.M.

Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in section 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. Consideration of these factors necessitates a guidelines sentence.

**A. Nature and circumstances of the offense**

Hernandez's crime, aggravated identity theft, has a serious impact on the victims. Personal Identifying Information (PII) is sensitive because it can be used to steal a victim's individual identity and cause financial harm. Hernandez's decision to use N.C.N.M.'s stolen PII perpetuated this harm without regard to how it would affect N.C.N.M. Victims of identity theft have reported feeling violated, disheartened, and overwhelmed.

**B. Seriousness of the offense, the need for adequate deterrence, just punishment, and promoting respect for the law**

Stealing a United States Citizen's personal and sensitive information is a serious offense and an 18-month imprisonment sentence is necessary for adequate deterrence, is just punishment for the crime, and promotes respect for the law. Hernandez used N.C.N.M.'s stolen PII so he could illegally work in the United States. United States Citizens who are the victims of identity theft experience a wide range of negative consequences including severe financial ruin, damage to their credit, and significant emotional distress. An 18-month imprisonment sentence will deter future similar behavior and dissuade others from following suit.

## IV. Conclusion

This Court should sentence Hernandez to 18-months imprisonment to reflect the seriousness of his crime, provides adequate deterrence, and promote just punishment and respect for the law.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: *<u>/s/ Karyna Valdes</u>*
Karyna Valdes
Assistant United States Attorney
Florida Bar No. 122261
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602
Phone: (813) 274-6000
Fax: (813) 274-6103
Email: karyna.valdes@usdoj.gov